# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ALEX PENLAND,

        Petitioner,   :   Case No. 1:18-cv-648

- vs -                     District Judge Michael R. Barrett
                                    Magistrate Judge Michael R. Merz

SEAN BOWERMAN, Warden,
  Toledo Correctional Institution,

                                    :
        Respondent.

# DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION TO STAY

This habeas corpus case is before the Court on Petitioner's Motion to Stay (ECF No. 10) and Supplemental Motion to Stay (ECF No. 11). Respondent has filed a Response in Opposition (ECF No. 15) and Petitioner has filed a Reply in support (ECF No. 16). The Magistrate Judge reference in this case has been transferred to the undersigned to help balance the Magistrate Judge workload in this judicial district.

Penland seeks a stay so that he can raise and exhaust claims which he characterizes as arising under *Brady v. Maryland*, 373 U.S. 83 (1963). In that case the Supreme Court held that the prosecutor has a duty to produce exculpatory evidence in a criminal case. If the State withholds evidence and it is material, the conviction must be reversed. To achieve this goal, "*Brady* held 'that the suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Kyles v. Whitley*, 514 U.S. 419, 432 (1995) (quoting *Brady*,

1

373 U.S. at 87.)

Penland avers that after he filed his Petition in this Court in September 2018, he learned that the prosecutor's response to his Ohio Crim. R. 16 demand for discovery was untruthful because of three items that he says constitute *Brady* material which were not disclosed at the time of trial. The prosecutor's response is attached to the earlier Motion to Stay at ECF No. 10, PageID 1173-76. Also attached are the three items asserted to constitute *Brady* material. First is a report from Police Officer Melissa Emody to Cincinnati Chief of Police Jeffrey Blackwell dated February 25, 2015 (*id*. at PageID 1178-79), which refers to public safety incidents occurring at Breunigs Entertainment which was doing business as the Golden Nugget bar. Among the incidents reported is the July 25, 2014, homicide of which Penland was convicted. Also attached is an undated letter from the South Fairmount Community Council to Patricia Simpson of the Cincinnati Police Vice Unit reporting the Council's concern about police calls at the Golden Nugget and particularly the homicide in question (*id*. at PageID 1180). Finally, there is an April 13, 2015, letter from the Cincinnati City Manager to the City Council's Law and Public Safety Committee objecting to renewal of the liquor permit of the Golden Nugget, by then doing business under an entity called Three E, Incorporated (*id*. at PageID 1181). All of these documents are dated after the State's Response, which was filed October 14, 2014 (see *id*. at PageID 1173).

Penland avers that he discovered these documents in October 2018 after he filed his Petition. He asserts they are *Brady* material because:

> Mr. Breunig was the State's principal witness and only his testimony contradicted Petitioner's testimony. Had this evidence concerning Mr. Breunig's pecuniary interest been provided to Mr. Penland in accordance with the *Brady* doctrine[,] said new evidence could have been used to impeach Mr. Breunig's [testimony] by showing he was bias [sic] towards Mr. Penland for his bar closure.

(ECF No. 10, PageID 1169-70.)

Penland also asserts he has another *Brady* claim which is "being exhausted in the First District Court of Appeals in case number C-180330. That case is an appeal from a decision of the Hamilton County Court of Common Pleas denying Penland's motion for relief from judgment in his criminal case on a claim that "his conviction was tainted by fraud when the prosecutor knowingly failed to correct the record." (Brief of Penland as Appellant, State Court Record, ECF No. 8, PageID 398.) In his Motion for Relief, Penland claimed a conflict between Breunig's testimony at trial and the recording of Breunig's 911 call on the evening in question. Common Pleas Judge Dinkelacker overruled the Motion for Relief in a form Entry (State Court Record, ECF No. 8, PageID 395) and Penland has appealed.

Respondent opposes a stay or Penland's alternative of a dismissal without prejudice and tolling of the statute of limitations. The Warden asserts that the stay procedure is designed to deal with mixed habeas petitions and Penland has not argued a *Brady* claim in his Petition (ECF No. 15, PageID 1204). He has not shown what steps he has taken to exhaust his first *Brady* claim or indicated that his second *Brady* claim is in his Petition. *Id.* at PageID 1205.

Penland replies that his Ground Seven includes the first *Brady* claim and that the State acknowledges the second claim is not yet exhausted by referencing in the Return its pendency before the First District Court of Appeals. He claims he has taken steps to exhaust his first *Brady* claim by filing an Amended Motion for Post-Conviction Relief and Motion for New Trial (Reply, ECF No. 16, PageID 1209). However, no copies of those documents are attached. The balance of his Reply is devoted to offering cause and prejudice to excuse his failure to timely appeal to the Ohio Supreme Court from denial of his Application to Reopen under Ohio R. App. P. 26(B). *Id.* at PageID 1209-13.

**Litigation History**

Penland was indicted August 6, 2014, on two counts of murder with a firearm specification and one count of having a weapon while under disability (Indictment, State Court Record, ECF No. 8, PageID 30). At the time of the shooting, police discovered drugs in Penland's car. On the basis of that discovery, he was indicted again on March 25, 2015, on drug-related charges. *Id.* at PageID 37. Over Penland's objection, the cases were consolidated for trial which commenced May 19, 2015 (Transcript, State Court Record, ECF No. 8-1, PageID 498). The jury returned guilty verdicts on May 27, 2015, and Penland was sentenced on June 25, 2015, to fifteen years to life for murder plus nine years consecutive for the other convictions. *Id.* at PageID 74, *et seq*.

On direct appeal the First District Court of Appeals affirmed the convictions and sentence. *State v. Penland,* Nos. C-150413 and C-150414 (Ohio App. 1st Dist. May 6, 2016)(unreported; copy at State Court Record, ECF No. 8, PageID 126 *et seq*.) Penland did not appeal to the Ohio Supreme Court. Instead, on June 27, 2016, he filed an Application to Reopen his direct appeal under Ohio R. App. P. 26(B)(State Court Record, ECF No. 8, PageID 129 *et seq*.) On December 21, 2016, he attempted to supplement his Application with the allegation that "appellate counsel failed to investigate the fact that the State's key witness, Steven J. Breunig on July 25, 2014, informed 911 operator Andrea Luck that he did not see the shooting (disc of 911 calls)." *Id.* at PageID 233-34.

The First District denied the motion to supplement, holding, "Because the supplement would cause the application to exceed the ten-page limit, see App. R. 26(B)(4), we overrule the motion." *State v. Penland*, Nos. C-150413 and C-150414 (Ohio App. 1st Dist. May 3, 2017)(unreported; copy at State Court Record, ECF No. 8, PageID 242).

On July 7, 2017, Penland filed a Notice of Appeal from the decision on direct appeal and, because he was late with that notice, a motion for delayed appeal (State Court Record, ECF No. 8, PageID 245, 248). The Supreme Court of Ohio denied that motion. *State v. Penland,* 150 Ohio St. 3d 1428 (2017).

On September 23, 2016, Penland submitted a petition for post-conviction relief which Judge Dinkelacker summarily denied on September 26, 2016. *Id.* at PageID 259. The Court of Appeals found that the record in neither of Penland's Common Pleas cases reflected the filing of a petition for post-conviction relief and therefore affirmed. *State v. Penland*, 2018 Ohio App. LEXIS 880 (1st Dist. Mar. 7, 2018), appellate jurisdiction declined, 153 Ohio St. 3d 1433 (2018).

Penland filed a motion for relief from judgment under Rule 60(B) in the Common Pleas Court on May 15, 2018, claiming that Breunig's trial testimony was fraudulent because of the conflict between that testimony and his statement on the 911 call that he did not see the shooting (State Court Record, ECF No. 8, PageID 316 *et seq*.). As noted above, Judge Dinkelacker denied that Motion with a form entry. *Id.* at PageID 395. Penland appealed and, as the Return of Writ notes, the First District had not decided the case as of February 27, 2019.[1]

# Analysis

**The First *Brady* Claim**

In his first *Brady* claim, Penland seeks a stay of these proceedings pending his exhaustion

---

[1] A check by this Court on May 24, 2019, indicated the appeal was still pending.

in the Ohio courts that the three documents attached to his Motion are *Brady* material and his conviction must therefore be reversed. Penland does not advise this Court of when or by what means he obtained those documents. Nor does he suggest what remedy he has available under Ohio law to raise that *Brady* claim.[2]

District courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. However, in recognizing that authority, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Id*.

Penland's Motion to Stay as to his first *Brady* claim is denied for the following reasons.

---

[2] While he mentions a possible successive or amended petition for post-conviction relief, he has not provided the Court with copies of any such pleadings.

First of all, he has not shown good cause for failing to present this claim to the Ohio courts before filing here. True, he asserts he only discovered these documents in October 2018, but how did he discover them then and why did he not discover them earlier?

Second, Penland has not suggested what Ohio procedural vehicle he would use to bring this claim before the Ohio courts. Because there is no absolute time limit on a motion for leave to file a delayed motion for new trial, he might have that vehicle in mind. But obtaining leave to file a delayed motion for new trial requires a showing that he was "unavoidably prevented" from discovering the evidence earlier.[3]

More fundamentally, the Court is unpersuaded there is any merit to this *Brady* claim. Penland says that if his trial attorney had known that the neighbors wanted Breunig's liquor license revoked because of criminal activity at the bar, he could have exposed Breunig's bias. This seems to the Court remote from Breunig's credibility. As a bar owner, he would have been ill-disposed to persons who committed crimes on the premises. That certainly would have been a fair and expected topic of cross-examination with or without the letters. They are not surprising in that one would expect neighbors to be unhappy about crimes at the bar. The letters do not show Penland as any more responsible than his victim for neighborhood upset, given that both men fired guns at one another. In sum, the letters do not disclose any material source of bias by Breunig against Penland beyond what would have been expected in the circumstances: a bar owner who does not want shootouts in his parking lot. Because the letters are not material, failure to disclose them did not prejudice Penland at trial.

---

[3] Analytically similar barriers make it difficult to file a successive post-conviction petition.

**The Second *Brady* claim**

The second claim Penland wishes to exhaust in the state courts has to do with the content of the 911 call Breunig made at the time of the shooting. Penland characterizes this as a *Brady* claim, although the state courts may end up characterizing it as a different sort of prosecutorial misconduct claim. For example, Penland characterizes it in his motion papers as an instance of fraud on the court (Reply Memo., ECF No. 16, PageID 1208). It is unclear to the Court whether Penland is also claiming that the content of the 911 calls was undisclosed at the time of trial as opposed to being omitted from the evidence the jury was presented.

In contrast to the first *Brady* claim discussed above, this second claim is already pending on appeal from denial of Penland's motion for relief from judgment. Indeed, it appears the appeal is ripe for decision. An important reason for the exhaustion doctrine is to promote comity between the state and federal courts. *O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th Cir. 1996). Allowing the Ohio courts to decide the merits of this claim or whether it is procedurally defaulted will support comity in this case, since it should require little by way of delay from us and will provide important and perhaps dispositive state court input on the claim.

With respect to both claims, the Warden asserts they are not pleaded in the pending Petition, preventing it from being a mixed petition. Penland asserts the contrary. Because no stay is necessary on the first claim and a stay on the second claim is likely to be of short duration, it is not necessary to engage in that analysis at this point. In the interest of judicial economy, that analysis can be postponed until after the stay expires.

**Conclusion**

In accordance with the foregoing analysis, further consideration of this case is STAYED pending the outcome of Penland's pending appeal of denial of his motion for relief from judgment and any further appeal to the Supreme Court of Ohio. Respondent's counsel is directed to keep this Court currently advised of any development in that case and to furnish the Ohio court of appeals with a copy of this Decision.

May 28, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge