# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ALEX PENLAND,

    Petitioner,    :  Case No. 1:18-cv-648

 - vs -           District Judge Michael R. Barrett
              Magistrate Judge Michael R. Merz

SEAN BOWERMAN, Warden,
 Toledo Correctional Institution,

              :
    Respondent.

## DECISION AND ORDER DENYING PETITIONER'S RENEWED MOTION TO STAY

    This habeas corpus case is before the Court on Petitioner's renewed Motion to Stay (ECF No. 27). The Motion was filed November 18, 2019, just days after the Court vacated a prior stay and set a reply date of December 3, 2019 (ECF No. 26). Because the Respondent opposed Petitioner's prior request for stay, the Court will treat that opposition as applicable to the instant Motion.

    A motion to stay is a nondispositive pretrial matter on which an assigned Magistrate Judge has authority to enter an order.

**Writ of Certiorari**

    Petitioner's first asserted basis for a stay is the pendency of his application to the United States Supreme Court for a writ of certiorari to review the decision of the Hamilton County Court

1

of Appeals to deny his "Civil Rule 60(B) Motion for Relief from Judgment and Request for Evidentiary Hearing." *State v. Penland,* 2019 Ohio App. LEXIS 3118 (1st Dist. Jul. 26, 2019), appellate jurisdiction declined, *State v. Penland*, 2019-Ohio-4419 (Oct. 29, 2019). The court of appeals held that Penland's motion was not reviewable under Ohio R. Civ. P. 60(b)(5) for "fraud on the court," but was required to be considered under Ohio Revised Code § 2953.21-.23, which governs petitions for post-conviction relief. *Id.* at *2, citing *State v. Schlee*, 117 Ohio St. 3d 153 (2008). Because Penland did not submit a transcript of the allegedly suppressed 911 call from Golden Nugget owner Steve Breunig, he "could not demonstrate an outcome-determinative constitutional error" [and therefore] failed to satisfy the [Ohio] R.C. 2953.23(A)(1)(b) jurisdictional requirement for a late postconviction petition." *Id.* at *3-4.

The jurisdiction of the United States Supreme Court to consider final decisions of state courts is granted by 28 U.S.C. § 1257. Although Penland's underlying claim is for constitutional violations, the Ohio courts did not reach the merits of that claim because they did not have jurisdiction to do so. Whether or not they had jurisdiction is purely a question of Ohio, not federal, law. On that issue – state court jurisdiction – the federal courts are bound by state law. That is, the federal Constitution did not command the Ohio courts to take jurisdiction of Penland's claim and decide it on the merits. Since the determinative question was governed by state law, it is at best doubtful that the Supreme Court has jurisdiction over Penland's case. See *Murdock v. City of Memphis*, 87 U.S. (20 Wall.) 590 (1875). On that basis, the Motion to Stay is denied.

Of course, just as the state courts are final judges of their own jurisdiction, the Supreme Court decides finally whether it can or will take a case. If the Supreme Court grants Penland's certiorari petition, he should advise this Court and renew his motion; the Court will then stay these proceedings pending a Supreme Court decision.

**New Motion for New Trial**

Penland also seeks a stay based on his November 1, 2019, filing in the Hamilton County Court of Common Pleas of a Supplemented Second Motion for New Trial Based Upon Newly Discovered Evidence and/or Post-Conviction Relief filed (copy at ECF No. 27-2, PageID 1287-1327).

District courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. However, in recognizing that authority, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269, 277-278 (2005). "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Id.* This Court relied on *Rhines* in deciding Penland's prior motion for stay

(Decision, ECF No. 20, PageID 1231).

While Penland has already attempted to invoke the jurisdiction of the Hamilton County Common Pleas Court on his Second Motion for New Trial, it is very doubtful that he will be able to do so. It appears to this Court that his Second Motion for New Trial suffers from the same deficiencies that deprived the Common Pleas Court of jurisdiction over his first new trial motion.

Instead of relying on Ohio R. Civ. P. 60(B)(5) as he did before, Penland makes his new motion under Ohio R. Crim. P. 33. To obtain leave to file a delayed motion for new trial, Penland must prove by clear and convincing evidence that he was unavoidably prevented from discovering the testimony of Miranda Austin and Naricka Taylor from 2014 when the crime occurred until 2019. He claims he "subsequently received" their affidavits in June and October, 2019, respectively, but gives no explanation of what efforts he made to obtain them before that (ECF No. 27-2, PageID 1288). Nothing on the face of his motion suggests he has the required proof.

In the alternative Penland styles his motion as made under Ohio Revised Code § 2953.21-.23. Under that statute, he has an even heavier burden or proof: he must show both that he was unavoidably prevented from discovering this new evidence prior to this year and "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted. *Penland*, 2019 Ohio App. LEXIS 3118 at *3, quoting Ohio Revised Code § 2953.23(A)(1). Although the Ohio courts may differ, the Magistrate Judge finds it very unlikely Penland can meet his burden of proof.

Accordingly, Penland's Motion to Stay Habeas Proceedings Based Upon Newly Presented Evidence is DENIED.

Penland's reply/traverse remains due December 3, 2019. Petitioner has the right to object to this Decision, but is reminded that orders by Magistrate Judge's on nondispositive matters

remain effective unless stayed. Failure to file a reply by the deadline will result in the decision of the case on pleadings already filed.

November 19, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge