**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

ALEX PENLAND,

               Petitioner,      :      Case No. 1:18-cv-648

    - vs -                            District Judge Douglas R. Cole
                                        Magistrate Judge Michael R. Merz

SEAN BOWERMAN, Warden,
  Toledo Correctional Institution,

                                         :
               Respondent.

---

**DECISION AND ORDER ON PENDING NONDISPOSITIVE MOTIONS; SUPPLEMENTAL MEMORANDUM ON DECISIONS TO WHICH PETITIONER HAS OBJECTED**

---

This habeas corpus case, brought *pro se* by Petitioner Alex Penland pursuant to 28 U.S.C. § 2254, is before the Court on the following Motions and Objections:

Petitioner's Objections to the Magistrate Judge's Denial of his Motion to Amend (ECF No. 29);

Petitioner's Motion for Leave to Conduct Discovery and Expand the Record (ECF No. 38);

Petitioner's Objections to the Magistrate Judge's Denial of Appointment of Counsel (ECF No. 42);

Petitioner's Objections to the Magistrate Judge's Denial of his Second Motion to Amend (ECF No. 60);

Petitioner's Objections to Magistrate Judge's Order Striking Designation (ECF No. 66);

Petitioner's Second Motion for Evidentiary Hearing (ECF No. 67);

Petitioner's Request for a ruling on his Objections to Denial of his Second Motion to Amend (ECF No. 69);

1

Petitioner's Motion to Expand the Record (ECF No. 70);

Petitioner's Motion for Leave to File a Third Amended Petition (ECF No. 71);

Petitioner's Fourth Motion to Stay (ECF No. 72);

Petitioner's Supplemented Second Motion for Evidentiary Hearing (ECF No. 73); and

Petitioner's Supplemented Objections to the Magistrate Judge's Decision and Order on Petitioner's Second Motion to Amend (ECF No. 74).

**Litigation History**

Penland filed his Petition in this case September 14, 2018, and it was assigned on filing to District Judge Michael R. Barrett. It was initially referred to Magistrate Judge Karen Litkovitz, but transferred to the undersigned in May 2019 to help balance the Magistrate Judge workload in the District (ECF No. 18). The case was randomly reassigned to District Judge Douglas R. Cole when he took office.

Shortly after assuming management of the case, the undersigned ruled on Penland's Motion to Stay (ECF No. 10) and Supplemental Motion to Stay (ECF No. 11). Both Motions concerned Penland's desire to present claims under *Brady v. Maryland*, 373 U.S. 83 (1963), to the Ohio courts. The undersigned denied a stay as to Penland's first *Brady* claim (involving three documents) but granted it as to the second *Brady* claim (involving the content of a 911 call at the time of the murder of which Penland was convicted) which was then pending before the First District Court of Appeals (Decision and Order, ECF No. 20). On reconsideration, the Magistrate Judge adhered to his prior ruling (Decision of June 5, 2019, ECF No. 23) and this time Penland made no objection.

Then on November 12, 2019, Penland moved to amend his Petition (ECF No. 25). In

denying the Motion, the Magistrate Judge dissolved the stay, noting that the Ohio courts had completed their consideration of Penland's second *Brady* claim (Decision, ECF No. 26, PageID 1260). With respect to the Motion to Amend, the Magistrate Judge found "the amended grounds for relief repeat verbatim the original grounds except that the word 'as Penland is actually innocent' are proposed to be added to Ground Eight (A)." The Motion to Amend was denied as either futile or unnecessary under Fed.R.Civ.P. 15 and Penland was ordered to file his reply by December 3, 2019. *Id.* at PageID 1265.

In response Penland filed a new Motion to Stay on November 18, 2019 (ECF No. 27). His first basis was pendency of a petition for writ of certiorari before the United States Supreme Court to review the First District Court of Appeals denial of his motion for relief from judgment. The Magistrate Judge rejected this basis because the Supreme Court would not have jurisdiction under 28 U.S.C. § 1257 because there was no question of federal law involved (Decision, ECF No. 28, PageID 1339). Penland's second basis for a stay was his November 1, 2019, filing in the Hamilton County Court of Common Pleas of a Supplemented Second Motion for New Trial Based Upon Newly Discovered Evidence and/or Post-Conviction Relief. The Magistrate Judge denied a stay on this basis, applying *Rhines v. Weber*, 544 U.S. 269 (2005), and concluding Penland was unlikely to obtain relief in the Hamilton County Common Pleas Court. *Id.* at PageID 1341. Penland was reminded that his reply/traverse was due December 3, 2019. *Id.*

**Motions to Amend**

Penland's next move was to object to denial of his Motion to Amend (ECF No. 29) but also to move a second time to amend (ECF No. 30). He also moved to appoint counsel several

times (ECF Nos. 32 and 35). When the Magistrate Judge denied those motions (ECF No. 39), he objected (ECF No. 42).

The Magistrate Judge denied Penland's Second Motion to Amend on the grounds that he had unduly delayed in seeking the amendment (ECF No. 53). Penland objected (ECF No. 60), but only on the basis that the Magistrate Judge did not recognize that his amendments "relate back" to the original Petition. That objection misses the point. Amendment was denied because Penland had unduly delayed in seeking to amend, not because the amendments were barred by the statute of limitations, which is what the "relation back" doctrine addresses. In any event, the Objections are MOOT because Penland has subsequently filed a Third Motion to Amend (ECF No. 71). For the same reason, Penland's Objections (ECF No. 29) to his first Motion to Amend are also MOOT.

The Third Motion to Amend is DENIED on the same basis as the First and Second Motions: Penland has unduly delayed in moving to amend. His argument in favor of amending recapitulates his prior argument about relation back which is irrelevant to the issue of undue delay. Finally regarding the motions to amend, his request for a ruling on his objections to the denial of the Second Motion to Amend (ECF No. 69) is MOOT because he has filed a Third Motion to Amend.

Penland's Supplemented Objections (ECF No. 74) are also MOOT because he has filed the Third Motion to Amend. However, they raise a point of law which bears discussion in the hopes of advancing decision of the case. As he has done with respect to the Magistrate Judge's decision on the motions to stay, Penland asserts that a motion to amend is a dispositive motion on which Magistrate Judges must make a recommendation rather than a decision (ECF No. 74, PageID 1961-63).

The discussion on this point under Motions to Stay, *infra*, is fully applicable to motions to amend. That is, applying the functional test adopted by the Sixth Circuit in *Vogel v. U.S. Office*

*Products Company,* 258 F.3d 509 (6th Cir. 2001), denial of a motion to amend by a Magistrate Judge does not terminate or dispose of any claim. A petitioner need only raise specific objections and he or she is entitled to the same de novo consideration on questions of law as they would be if the District Judge considered the motion in the first instance.

Penland cites no authority for the proposition that a motion to amend is dispositive. At least two District Judges of this Court has held motions to amend are nondispositive. *Monroe v. Houk*, No. 2:07-cv-258, 2016 U.S. Dist. LEXIS 38999 (S.D. Ohio, Mar. 23, 2016)(Sargus, C.J.); *McKnight v. Bobby*, 2017 U.S. Dist. LEXIS 63861 (S.D. Ohio Apr. 27, 2017)(Dlott, D.J.).

**Appointment of Counsel**

Penland has twice sought the appointment of counsel to prosecute this case (ECF Nos. 32, 35). The Magistrate Judge denied the both such motions on budgetary grounds without prejudice to its renewal if the Court granted an evidentiary hearing (ECF No. 33, 39). Penland objects at length, emphasizing that his case is complex and how useful an attorney would be in prosecuting it (ECF No. 42). Those assertions do not set Penland's case apart from many habeas corpus cases that this Court hears. As with Penland's, many such cases depend on *Brady* claims regarding post-trial discovery of documents alleged to be material. Similarly, many habeas petitioners are far less literate and capable of pursuing claims in this Court that Penland appears to be. At bottom, Penland asserts this Court's practice of denying appointment of counsel except when it is mandated by the Criminal Justice Act (i.e. when an evidentiary hearing is ordered) is an abuse of discretion. The Magistrate Judge disagrees: denial of appointment of counsel in such situations is the common practice of the Magistrate Judges of this Court. Accordingly, the undersigned RECOMMENDS

that the District Judge overrule Penland's Objections (ECF No. 42).

**Appointment of an Expert**

Penland moved *ex parte* and under seal to have the Court appoint Owens Forensic Services LLC to assist him in investigating his case (ECF No. 62). The Magistrate Judge ordered the document unsealed and then denied it because the Criminal Justice Act does not authorize the appointment of experts to assist *pro se* litigants and because the results of any investigation would not be admissible, given *Cullen v. Pinholster*, 563 U.S. 170 (2011)(Decision, ECF No. 63).

Penland objects essentially that, as with the denial of counsel, he is being discriminated against because he cannot afford what is essential for a defense (Objections, ECF No. 66). Because the objection adds nothing of substance, the Magistrate Judge RECOMMENDS the Court overrule the objection,

**Motions for Evidentiary Hearing**

On December 5, 2019, Penland moved both for an evidentiary hearing (ECF No. 36) and to conduct discovery (ECF No. 38). The Magistrate Judge denied the hearing motion without prejudice to renewal on a showing that it was not precluded by *Pinholster, supra* (Notation Order, ECF No. 37). In February 2020 Penland filed a Second Motion for Evidentiary Hearing (ECF No. 67). Penland then moved again to expand the record (ECF No. 70) and supplemented his evidentiary hearing request (ECF No. 73).

Penland's Second Motion for Evidentiary Hearing as supplemented does not overcome the

barrier erected by *Pinholster*. At the very end of the supplement, he states that the evidence he seeks to present at such a hearing was already presented to the state courts in connection with his post-conviction relief petition or his application for reopening his direct appeal or his later motion for relief from judgment under Ohio R. Civ. P. 60(b)(Supplement, ECF No. 73, PageID 1958-59). To overcome the *Pinholster* barrier, he must show not just that he submitted the evidence, but that the resulting decision of whichever state court made the decision was contrary to or an objectively unreasonable application of clearly established Supreme Court precedent (§ 2254(d)(1)) or an unreasonable determination of the facts based on the evidence before the relevant court (§ 2254(d)(2)). He has not done that and so his Second Motion for Evidentiary Hearing (ECF No. 67) is DENIED.

**Motion to Expand the Record**

Penland has moved to expand the record to add a decision of the First District Court of Appeals affirming denial of his motion for relief from judgment, a decision of the Supreme Court of Ohio declining appellat jurisdiction to review that decision from the First District, and the first volume of the trial transcript (ECF No. 70). The documents appear to be a proper part of the State Court Record in this case and the Warden has not opposed the Motion which is therefore GRANTED.

7

**Motion for Discovery**

Petitioner seeks to depose Miranda Austin to explore her statement that she was never contacted by defense counsel Clyde Bennett although she made a statement to the homicide detectives that she saw the person who did the shooting who was neither the decedent nor Penland (Motion, ECF No. 38, PageID 1597). He seeks a copy of video from the scene to submit to a forensic video expert to corroborate Austin's expected testimony. Penland seeks to depose 911 operator Andrea Luck to testify that when he called 911, Steve Breunig, the Golden Nugget owner, said he did not see "anything," but only heard shots fired. He also seeks to depose Breunig and his trial attorney, Clyde Bennett. In support of his prosecutorial misconduct claim, he seeks to depose the Assistant Prosecuting Attorney who tried the case, Charles Thiemann. *Id.* at PageID 1609. Penland seeks to expand the record with the results of this discovery.

Respondent has opposed the Motion for Discovery (ECF No. 68) and Penland has failed to file a reply memorandum rebutting Respondent's position within the time allowed by S. D. Ohio Civ. R. 7.2.

A habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion. Rule 6(a), Rules Governing § 2254 Cases; *Bracy v. Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson*, 394 U.S. 286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000).

> The purpose of discovery in any case is ultimately to gather evidence which will be put before the court in deciding the case on the merits. In order to obtain an evidentiary hearing in federal court on a claim on which he has not fully developed the factual basis in state court, a habeas corpus petitioner must show cause and prejudice under

> *Wainwright v. Sykes*, 433 U.S. 72 (1977). *Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992). Logically, there is no good reason to gather evidence which one will not be permitted to present because one cannot satisfy the *Keeney* standard. Therefore, if there are items of evidence sought in discovery which could have been obtained and presented during the state court process but were not, a petitioner should make the required *Keeney* showing before being authorized to conduct discovery to obtain the evidence.

*Turner v. Hudson*, Case No. 2:07-cv-595 (S.D. Ohio, July 11, 2008). This same reasoning bars discovery where the results could not be admitted in evidence because of *Pinholster*. *Johnson v. Bobby*, 2018 U.S. Dist. LEXIS 44709 (S.D. Ohio Mar. 19, 2018)(Sargus, C.J.).

The discovery requested by Petitioner is extensive and therefore would be expensive. Particularly taking depositions of probably hostile witnesses Bennett and Thiemann would require appointment of counsel. Because of *Pinholster*, the results of such discovery would not be admissible in evidence in any event unless the case survives testing under the standards of §§ 2254(d)(1) and (d)(2). The Motion for Discovery is DENIED.

**Petitioner's "Fourth" Motion for Stay**

Penland has also filed what he labels his Fourth Motion to Stay (ECF No. 72) which is in fact his fifth motion to stay (See ECF No. 58 and Decision and Order Denying, ECF No. 59). The Motion was filed March 3, 2020, and seeks a stay to allow him "to return to the State Court to exhaust a claim that would excuse any procedural default with respect to his habeas claims number 7 and 8." (ECF No. 72, PageID 1922).

Penland acknowledges that the claim he wishes to exhaust in the Ohio courts is his "first *Brady* claim," to wit, the claim that the State violated *Brady* by not disclosing to him pre-trial three

9

documents.

> The three items asserted to constitute *Brady* material [are] First is a report from Police Officer Melissa Emody to Cincinnati Chief of Police Jeffrey Blackwell dated February 25, 2015 (*id*. at PageID 1178-79), which refers to public safety incidents occurring at Breunigs Entertainment which was doing business as the Golden Nugget bar. Among the incidents reported is the July 25, 2014, homicide of which Penland was convicted. Also attached is an undated letter from the South Fairmount Community Council to Patricia Simpson of the Cincinnati Police Vice Unit reporting the Council's concern about police calls at the Golden Nugget and particularly the homicide in question (*id*. at PageID 1180). Finally, there is an April 13, 2015, letter from the Cincinnati City Manager to the City Council's Law and Public Safety Committee objecting to renewal of the liquor permit of the Golden Nugget, by then doing business under an entity called Three E, Incorporated (*id*. at PageID 1181).

(Decision and Order, ECF No. 20, PageID 1227, quoting ECF No. 10, PageID 1173-76.) In this prior Order granting in part and denying in part Penland's Second Motion to Stay, the Magistrate Judge concluded none of these documents was material under *Brady* in that none of them disclosed an unknown motive of Steve Breunigs to testify as he did at trial.

That Decision was entered May 28, 2019. Penland filed a combined Objection and Motion for Reconsideration (ECF No. 21). Clarifying the status of that filing, the Magistrate Judge took the position that a motion to stay was a non-dispositive pre-trial matter on which a Magistrate Judge had authority to act, subject to objections directed to a District Judge, but that a motion for reconsideration was directed to the judge whose reconsideration was sought (ECF No. 22). With that clarification in place, the Magistrate Judge reconsidered his decision and declined to amend it (ECF No. 23). Despite having been expressly advised of his right to object, Penland did not do so; indeed, he filed nothing from the time of the decision on reconsideration until more than five months later.

However, in his present fifth Motion to Stay Penland objects that a motion to stay is a

10

dispositive matter on which a magistrate judge must render a report and recommendations, rather than an initial decision (ECF No. 72, PageID 1928-29, 1932-33).

28 U.S.C. § 636(b) distinguishes between matters on which magistrate judges have, upon reference from a District Judge, authority to decide in the first instance, subject to review by a District Judge, and those on which an assigned Magistrate Judge must render a report and recommendations in the first instance.  Although the statute does not use this language, these matters are traditionally referred to as "dispositive" and non-dispositive."

Some dispositive matters are expressly designated by statute.  See 28 U.S.C. § 636(b)(1)(A).  As jurisprudence under the Magistrates' Act has developed, the Sixth Circuit has recognized other matters as effectively dispositive and required a report and recommendations instead of an initial Magistrate Judge decision. *See, Vogel v. U.S. Office Products Company,* 258 F.3d 509, 514 (6th Cir. 2001), holding motions to remand to state court after removal are dispositive); *Callier v. Gray*, 167 F.3d 977, 981 (6th Cir. 1999)(holding that a motion for default judgment is dispositive because it is "substantially similar to several of the listed motions"); *Vitols v. Citizens Banking Co.,* 984 F.2d 168, 169-70 (6th Cir. 1993)(holding that a motion to certify a district court order for interlocutory appeal is dispositive); *Bennett v. General Caster Service of N. Gordon Co., Inc.*, 976 F.2d 995 (6th Cir. 1992)(*per curiam*) (holding that a motion for Rule 11 sanctions is dispositive); *United States Fid. & Guar. Co. v. Thomas Solvent Co.,* 955 F.2d 1085 (6th Cir. 1992)(holding that because a motion to realign parties would either destroy or preserve diversity jurisdiction, motions to realign are dispositive); *Woods v. Dahlberg,* 894 F.2d 187 (6th Cir.)(holding that an order denying a motion to proceed in forma pauperis is dispositive because it is the functional equivalent of an involuntary dismissal).  See also *National City Bank v. Aronson*, 474 F.Supp. 2d 925 (S.D. Ohio 2007)(Marbley, J.)(remand motion is dispositive).  On the other

hand, several judges of this Court have held that motions to amend are not dispositive. *Monroe v. Houk*, No. 2:07-cv-258, 2016 U.S. Dist. LEXIS 38999 (S.D. Ohio, Mar. 23, 2016)(Sargus, C.J.); *McKnight v. Bobby*, 2017 U.S. Dist. LEXIS 63861 (S.D. Ohio Apr. 27, 2017)(Dlott, D.J.). And this Court has routinely held that an order transferring a second or successive habeas corpus case to the circuit court for a determination of whether it can proceed is also nondispositive.

Penland cites no authority for the proposition that a motion to stay is dispositive and none is known to the undersigned. Applying the functional test the Sixth Circuit adopted in *Vogel*, denial of a motion to stay does not decide a claim or prevent a petitioner from pursuing that claim in the state courts. It merely determines that the habeas court will not wait for any state court decision. In the absence of any decided authority from this or other circuits, the Magistrate Judge determines he did not exceed his authority in deciding Penland's prior motions to stay and will not exceed that authority in deciding the instant motion.

Turning to the instant Motion, the Magistrate Judge finds it should be denied for the same reason the first Motion to Stay was denied: Penland's first *Brady* claim is without merit because the three documents he relies on for the claim are not material to his case. While they are relevant, they do not add appreciably to the information on Breunig's possible bias to have affected the outcome of the case.[1]

Aside from the materiality of the documents, Penland has also not suggested what state proceeding is available to him in which to exhaust this *Brady* claim. According to his earlier motions, he discovered these documents in October 2018, eighteen months ago. Nothing has prevented him from filing a motion for leave to file a delayed motion for new trial in the intervening time. Thus the Hamilton County Common Pleas Court is unlikely to find he acted

---

[1] Because they were all created after the State's discovery response in the criminal case, they probably do not represent *Brady* material on that basis as well.

diligently in pursuing this matter. The authority of district courts to stay habeas proceedings was recognized by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005), where the Court held

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Id.* at 277-78. "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Id*.

Petitioner's Fourth [Fifth] Motion to Stay is DENIED. This denial does not in any way preclude him from pursuing state court relief.

**Conclusion**

The Magistrate Judge believes this filing deals with all of the outstanding motions or objections in this case, either by way of deciding them or recommending a decision by Judge Cole. Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the recommendations or decisions in this filing within fourteen days after being served. All such objections shall be made in one document, specify the portions this filing objected to. and be

accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

May 4, 2020.

s/ *Michael R. Merz*  
United States Magistrate Judge