IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

ALEX PENLAND,

        Petitioner,    :    Case No. 1:18-cv-648

- vs -    District Judge Douglas R. Cole
    Magistrate Judge Michael R. Merz

SEAN BOWERMAN, Warden,
  Toledo Correctional Institution,

        :
        Respondent.

# DECISION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner Alex Penland, is before the Magistrate Judge on Penland's most recent Motion to Stay, his sixth (ECF No. 85). Penland seeks to return to state court "to exhaust newly identified claims." *Id.* at PageID 2047.

Penland attaches a copy of his filing in the Common Pleas Court of Hamilton County, Ohio, captioned "Motion for a New Trial Pursuant to Ohio Criminal Rule 32.1 and Ohio Revised Code 2953.21 through 2953.23" (ECF No. 85-1).

The trial of this case occurred in May 2015; the trial jury rendered verdicts on May 27, 2015 (State Court Record, ECF No. 8, Ex. 9) and sentence was imposed June 15, 2015. *Id.* at Ex. 10. Ohio R. Crim. P. 32.1 governs withdrawals of guilty pleas and is thus not applicable to this case. Ohio R. Crim. P. 33 governs motions for new trial and provides that motions based on newly discovered evidence must be filed within 120 days of the verdict; after that the trial court must grant permission before a motion for new trial is allowed to be filed.

1

Penland presents no evidence that he has been permitted to file a motion for new trial now more than five years after the verdicts were rendered, or even that he has sought permission to file his new trial motion.

Penland also labels his state court filing as made under Ohio Revised Code § 2953.21 through 2953.23.  Those statutes, which govern petitions for post-conviction relief in the Ohio courts, have a statute of limitations of one year from the filing of the transcript on appeal, a date which has long since passed.

District courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. *Rhines v. Weber*, 544 U.S. 269 (2005).  However, in recognizing that authority, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Id.* at 277-278.  "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Id.* It also directed district courts to place reasonable time limits on the petitioner's trip to state court and back.

At this point it does not appear that Penland has persuaded or will be able to persuade the Hamilton County Common Pleas Court to hear his Motion for New Trial. Accordingly, the instant Motion to Stay is denied without prejudice to its renewal if the Common Pleas Court allows the Motion for New Trial to be filed or accepts jurisdiction of the post-conviction petition.

March 1, 2021.

s/ *Michael R. Merz*<br>
United States Magistrate Judge