# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ALEX PENLAND,

        Petitioner,   :   Case No. 1:18-cv-648

- vs -                     District Judge Douglas R. Cole
                              Magistrate Judge Michael R. Merz

SEAN BOWERMAN, Warden,
   Toledo Correctional Institution,

                                     :

        Respondent.

## DECISION AND ORDER ON MOTION FOR RECONSIDERATION

This habeas corpus proceeding, brought *pro se* by Petitioner Alex Penland to obtain relief from his convictions in the Hamilton County Court of Common Pleas, is before the Court on Petitioner's Motion for Reconsideration (ECF No. 111). The Motion is directed to that portion of District Judge Cole's Opinion and Order of April 28, 2022 (ECF No. 105) which overruled Penland's Objections (ECF No. 80) to the Magistrate Judge's Decision and Order Denying Penland's Third Motion to Amend (ECF No. 71).

Judge Cole's Opinion and Order is interlocutory and thus subject to reconsideration at any time before a judgment is entered. Moore's Federal Practice at ¶0.404. On the other hand, courts disfavor motions for reconsideration because they consume a court's scarce time for attention to a matter that has already been decided. They are subject to limitations based on that disfavor.

> As a general principle, motions for reconsideration are looked upon
> with disfavor unless the moving party demonstrates: (1) a manifest
> error of law; (2) newly discovered evidence which was not available

1

> previously to the parties; or (3) intervening authority. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), cert. denied, 476 U.S. 1171, 90 L. Ed. 2d 982 (1986).

*Meekison v. Ohio Dep't of Rehabilitation & Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998)(Marbley, J.). One limit on motions for reconsideration is the law of the case doctrine.

> The law of the case doctrine precludes reconsideration of an issue already decided in a previous stage of litigation, either explicitly or by necessary inference from the disposition. McKenzie v. BellSouth Telecomms., 219 F.3d 508, 513 (6th Cir. 2000) (citing United States v. Moored, 38 F.3d 1419, 1421-22 (6th Cir. 1994)). However, a ruling can be reconsidered: (1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice. Id. at 513 n. 3 (citing Hanover Ins. Co. v. American Eng'g Co., 105 F.3d 306, 312 (6th Cir. 1997)).

*Miller v. City of Cincinnati*, 870 F. Supp. 2d 534, 539 (S.D. Ohio 2012)(Barrett, J.)

Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation. *United States v. Moored*, 38 F 3d 1419, 1421 (6th Cir. 1994), *citing United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993). "As most commonly defined, the doctrine [of law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983), *citing* 1B Moore's Federal Practice ¶0.404 (1982); *Patterson v. Haskins*, 470 F.3d 645, 660-61 (6th Cir. 2006); *United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005). "If it is important for courts to treat like matters alike in different cases, it is indispensable that they 'treat the same litigants in the same case the same way throughout the same dispute.'" *United States v. Charles*, 843 F.3d 1142, 1145 (6th Cir. 2016)(Sutton, J.), quoting Bryan A. Garner, et al., The Law of Judicial Precedent 441 (2016).

> As a general principle, the law-of-the-case doctrine precludes reconsideration of issues that were expressly or impliedly decided at an earlier stage of the same case by the same or a superior court. See *Arizona v. California,* 460 U.S. 605, 618, 103 S. Ct. 1382, 75 L. Ed. 2d 318 (1983); *United States v. Moored*, 38 F.3d 1419, 1421-22 (6th Cir. 1994); Bryan A. Garner et al., The Law of Judicial Precedent 441 (2016).

*Keahey v. Marquis*, 978 F.3d 474, 478 (6th Cir. 2020). "If it is important for courts to treat like matters alike in different cases, it is indispensable that they 'treat the same litigants in the same case the same way throughout the same dispute.'" *United States v. Charles*, 843 F.3d 1142, 1145 (6th Cir. 2016)(Sutton, J.), quoting Bryan A. Garner, et al., The Law of Judicial Precedent 441 (2016).

> As a general principle, the law-of-the-case doctrine precludes reconsideration of issues that were expressly or impliedly decided at an earlier stage of the same case by the same or a superior court. See *Arizona v. California,* 460 U.S. 605, 618, 103 S. Ct. 1382, 75 L. Ed. 2d 318 (1983); *United States v. Moored*, 38 F.3d 1419, 1421-22 (6th Cir. 1994); Bryan A. Garner et al., The Law of Judicial Precedent 441 (2016).

*Keahey v. Marquis*, 978 F.3d 474, 478 (6th Cir. 2020).

The Magistrate Judge denied Penland's Third Motion to Amend "on the same basis as the First and Second Motions [to amend]: "Penland has unduly delayed in moving to amend. His argument in favor of amending recapitulates his prior argument about relation back which is irrelevant to the issue of undue delay." (ECF No. 75, PageID 1976).

Penland objected that because he had moved to amend under Fed. R. Civ. P. 15(c)(1)(B), rather than Rule 15(a), undue delay was not a proper basis to deny his Third Motion to Amend. (Objections, ECF No. 80, PageID 1998). Judge Cole overruled this Objection, holding

> In ascribing significance to the differences in language between Rule 15(a) and Rule 15(c)(1)(B), Penland incorrectly conflates two separate issues. Rule 15(a) governs the procedures for amending pleadings (when, as here, a party is seeking to do so before trial).

3

> Rule 15(c)(1), on the other hand, governs whether a particular amendment (whether that amendment is accomplished under Rule 15(a) or 15(b)) relates back to the date of original pleading, which can be important for statute of limitations purposes. Penland may be correct that Rule 15(c)(1)(B) does not consider undue delay as a factor in determining whether a given amendment relates back to the original date of pleading. But to proceed with an amendment at all, Penland must first obtain leave to amend under Rule 15(a)—where undue delay is a factor courts must consider. *McGarity v. Birmingham Pub. Schs.,* No. 20-2176, 2021 WL 4568050, at *6 (6th Cir. Sept. 7, 2021) ("[D]iscretion to deny leave is appropriate due to undue delay, bad faith, or dilatory motive on the part of the movant ….") (internal quotation marks and modifications omitted). Because Penland does not dispute the Magistrate Judge's determination that undue delay occurred here—a factual finding in any event subject to clear error review—and because Penland provides no other basis to reject the Magistrate Judge's Order (Doc. 75) denying his third Motion to Amend (Doc. 71), Penland's Objections (Doc. 80) are accordingly OVERRULED.

(Opinion and Order, ECF No. 105, PageID 2357).

Penland now makes a number of arguments about why the Third Motion to Amend should have been granted: the general preference for deciding cases on their merits; narrow construction of the futility doctrine so as to allow amendment and test the new pleading with a motion to dismiss; the practice of liberal construction of *pro se* pleadings (which Penland, like many *pro se* litigants, construes to mean *pro se* litigants should be treated liberally on all points), and lack of proof of prejudice to Respondent. Each of these arguments could have been made when Penland filed his initial Third Motion to Amend in February, 2020 (ECF No. 71). Only the presumptive liberal reading of *pro se* pleadings was mentioned in passing. When the undersigned denied the Third Motion to Amend, Penland could properly have raised any of these arguments in his Objections but did not, except for the claim that the undue delay portion of Rule 15 was governed by the relation back precedent. That was the only objection before Judge Cole and Penland makes no argument that that ruling was in error.

4

The failure to file specific objections appeals from a Magistrate Judge's decision or recommendation is a forfeiture of the right to raise issues on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Alspugh v. Mcconnell,* 643 F.3d 162, 166 (6th Cir. 2011); *Cowherd v. Million,* 380 F.3d 909, 912 (6th Cir. 2004); *Mattox v. City of Forest Park*, 183 F.3d 515, 519 (6th Cir. 1999); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981);

> Under the *Walters* rule, only specific objections to the Report will be preserved for appellate review. *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). This is because our "function is to review the case presented to the district court, rather than a better case fashioned after a district court's unfavorable order." *Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 753 (6th Cir. 2011) (internal quotation marks and citation omitted).

*Henson v. Warden,* 2015 U.S. App. LEXIS 13444 *7 (6th Cir. 2015); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991). The same rule applies to bar reconsideration of prior rulings in a case when a litigant has forfeited the opportunity to present those issues to the District Judge on a prior occasion. In a situation such as now presented in this case, the Petitioner is not really seeking reconsideration of the Objections he actually made, but reconsideration of the Magistrate Judge's decision of the underlying Motion to Amend. The time for making those arguments was, in the first instance, in the Motion to Amend and then in the appeal from denial of that Motion in July, 2020.

To sanction Penland's mode of proceeding here would strongly undermine the State's interest in the finality of criminal judgments. What Penland seeks by way of relief is a new trial (Proposed Amended Petition, ECF No. 71-1, PageID 1920). The events in suit occurred July 20, 2014, in the dark in the parking lot of the Golden Nugget Lounge, a Cincinnati bar and involved a shoot-out between Penland and Damon Cure. Both were wounded, but only Penland survived and was tried and convicted for Cure's murder as well as heroin trafficking. The convictions were

5

affirmed in the Ohio First District Court of Appeals on May 16, 2016.

It is now nearly eight years after the events in suit occurred in the dark.  Witnesses from the Golden Nuggett presumably had been drinking alcohol because that's generally why people go to bars.  The incident occupied a short time span, but there were already conflicts in the testimony at trial a short time after the incident.  Witnesses may have moved and it is commonplace that memories dim over time.  For these reasons the State has a strong interest in the finality of Penland's conviction.  If he is entitled to habeas relief because his constitutional rights were violated, the Court should grant it to him.  But habeas courts should not encourage delay in reaching finality by allowing serial argument of issues through motions for reconsideration.

The Motion for Reconsideration is DENIED.  Penland has the right to appeal to Judge Cole from this Decision in the same manner he has already done on prior non-dispositive decisions of the undersigned.  However, the undersigned considers the case ripe for decision on the merits because the parties have not indicated any other impediment to ripeness besides the Motion for Reconsideration (See ECF Nos. 106, 108, 109).

June 6, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge
