# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ALEX PENLAND,

                    Petitioner,                    :        Case No. 1:18-cv-648

        - vs -                                              District Judge Douglas R. Cole
                                                            Magistrate Judge Michael R. Merz

SEAN BOWERMAN, Warden,
    Toledo Correctional Institution,

                                                   :

                    Respondent.

# REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Alex Penland to obtain relief from

his convictions in the Common Pleas Court of Hamilton County for murder, trafficking in heroin,

and having weapons under disability[1].

On April 28, 2022, District Judge Cole filed an Opinion and Order which appeared to the

undersigned to resolve all outstanding objections or appeals from prior Magistrate Judge filings

(ECF No. 105). The undersigned then asked the parties for their positions on whether the case

was ripe for decision (ECF No. 106). Petitioner indicated an intention to file a motion for

reconsideration and subsequently did so with respect to Judge Cole's overruling his objections to

denial of leave to file an amended petition. That motion was filed (ECF No. 111) and has now

been decided (ECF No. 112). The case is therefore ripe on the Petition (ECF No. 1), the State

---

[1] Only the murder conviction is at issue in this proceeding. Penland took the stand at trial and admitted the drug and
weapons charges. See Application to Reopen, State Court Record, ECF No. 8, PageID 130.

Court Record (ECF No. 8), the Return of Writ (ECF No. 9), the Traverse (ECF No. 34), and Respondent's Sur-Reply (ECF No. 61).

**Litigation History**

The incident out of which this case arose is a shooting in the parking lot of the Golden Nugget Lounge on July 25, 2014. Out of that incident, Penland was indicted August 6, 2014, on two counts of murder with a firearm specification and one count of having a weapon while under disability (Indictment, State Court Record, ECF No. 8, PageID 30). At the time of the shooting, police discovered heroin in Penland's car. On the basis of that discovery, he was indicted again on March 25, 2015, for possessing and trafficking in that drug. *Id.* at PageID 37. Over Penland's objection, the cases were consolidated for trial which commenced May 19, 2015 (Transcript, State Court Record, ECF No. 8-1, PageID 498). The jury returned guilty verdicts on May 27, 2015, and Penland was sentenced on June 25, 2015, to fifteen years to life for murder plus nine years consecutive for the other convictions. *Id.* at PageID 74, *et seq*.

Represented by new counsel, Penland appealed to the Ohio First District Court of Appeals, pleading the following assignments of error:

> 1. The court abused its discretion in granting the motion to consolidate indictments.
>
> 2. The court abused its discretion in allowing in testimony of an unrelated robbery that the appellant was not named in as either a victim or defendant.
>
> 3. The trial court erred to the prejudice of defendant-appellant as there was insufficient evidence to convict.
>
> 4. The trial court erred to the prejudice of defendant-appellant because the verdict was against the manifest weight of evidence.

2

5. The defendant received ineffective assistance of trial counsel.

6. The imposition of consecutive sentence on weapon under disability when there was already a gun specification was not supported by the record.

7. The defendant-appellant's right to a fair trial was compromised by cumulative error.

(ECF No. 8, Exhibit 16, Brief, PageID 83).

The First District Court of Appeals affirmed the convictions and sentence. *State v. Penland,* Nos. C-150413 and C-150414 (Ohio App. 1st Dist. May 6, 2016)(unreported; copy at State Court Record, ECF No. 8, Ex. 18, PageID 126 *et seq.*).

Penland did not appeal to the Supreme Court of Ohio and his time to do so expired June 20, 2016. Instead, on June 27, 2016, he filed *pro se* an Application to Reopen his direct appeal under Ohio R. App. P. 26(B), pleading that his appellate attorney had provided ineffective assistance by failing to include the following assignments of error:

1. When defense counsel fails to object to inappropriate questions designed to elicit inadmissible evidence, fails to object to misstatements of law and known facts, fails to object to state prosecutor's vouching for its witness's, and fails to object to inappropriate comments, and fails to investigate and call witness's favorable to appellant, the appellant receives ineffective assistance of counsel.

2. It is inexcusable for the Prosecution to continue a line of jury argument after an objection has been made and sustained.

3. Prosecutor's deliberated act of withholding known evidence from the jury and other acts constitute Prosecutorial Misconduct.

4. The trial court abused its discretion when it failed to use its mandatory *sua sponte* duty to stop improper argument of the government.

5. Where during a trial numerous error [sic] that taken together prejudice a fair trial, a new trial should be ordered.

(Application, ECF No. 8, Exhibit 19).

3

On December 21, 2016, Penland attempted to supplement his Application with the allegation that "appellate counsel failed to investigate the fact that the State's key witness, Steven J. Breunig on July 25, 2014, informed 911 operator Andrea Luck that he did not see the shooting (disc of 911 calls)." *Id.* at PageID 233-34.

The First District denied the motion to supplement because the supplemented Application would exceed the page limit set at Ohio R. App. P. 26(B)(4). It denied the claims related the state's failure to disclose a witness's allegedly exculpatory statements and that his trial counsel had been ineffective in failing to reasonably investigate and present at trial a defense based on those statements because those claims depended on evidence outside the record properly made only in a petition for post-conviction relief under Ohio Revised Code § 2953.21 and not on direct appeal. Finally, it found the other alleged deficiencies not to be prejudicial because unlikely to have affected the result. *State v. Penland*, Nos. C-150413 and C-150414 (Ohio App. 1st Dist. May 3, 2017)(unreported; copy at State Court Record, ECF No. 8, PageID 242).

On July 7, 2017, Penland filed a Notice of Appeal to the Supreme Court of Ohio from the First District's decision on direct appeal and, because he was late with that notice (by more than a year), a motion for delayed appeal (State Court Record, ECF No. 8, PageID 245, 248). The Supreme Court of Ohio denied that motion without opinion. *State v. Penland,* 150 Ohio St. 3d 1428 (2017).

On September 23, 2016, Penland claims he submitted a petition for post-conviction relief under Ohio Revised Code § 2953.21. However, the State Court Record as filed by the Attorney General does not include a copy and it is not shown as docketed (See Docket Sheet, State Court Record, ECF No. 8, Ex. 51). Respondent's counsel claims not to have received a copy from the Clerk of the Common Pleas Court. Penland has produced a file-stamped copy of the purported

4

first page of that Petition (Traverse, ECF No. 34-1, PageID 1543), but not the balance of the document.

Common Pleas Judge Dinkelacker summarily denied post-conviction relief on September 26, 2016. His Entry reads in its entirety

> This matter having come before the court on the defendant's Motion for Post-Conviction Relief. Upon consideration of the motion and all materials and law pertinent to the motion, it is found that the motion is not well taken and the same is therefore overruled.

(Entry, State Court Record, ECF No. 8, Ex. 30).[2]

Penland appealed, but the First District found that the record in neither of Penland's Common Pleas cases reflected the filing of a petition for post-conviction relief and therefore affirmed. *State v. Penland*, 2018 Ohio App. LEXIS 880 (1st Dist. Mar. 7, 2018), appellate jurisdiction declined, 153 Ohio St. 3d 1433 (2018).

Penland filed a motion for relief from judgment under Rule 60(B) in the Common Pleas Court on May 15, 2018, claiming that Breunig's trial testimony was fraudulent because of the conflict between that testimony and his statement on the 911 call that he did not see the shooting (State Court Record, ECF No. 8, PageID 316 *et seq.*). Judge Dinkelacker denied that Motion with a form entry including language identical to that used in denying post-conviction relief. *Id.* at PageID 395.

On appeal, the First District decided that the Common Pleas Court had no jurisdiction to entertain that motion because he issue it raised was not reviewable under Ohio R. Civ. P. 60, but only on a petition for post-conviction relief under Ohio Revised Code § 2953. 21. Penland's Rule 60 motion was grossly untimely under Ohio Revised Code § 2951.23. *State v. Penland,* 2019 Ohio

---

[2] The Entry does not bear a filed stamp of the Clerk of Courts. Instead it contains the rubber-stamped notation "Entered Sep. 26, 2016" but with no authenticating initials.

App. LEXIS 3118 (1st Dist. Jul. 26, 2019), appellate jurisdiction declined, 2019-Ohio-4419 (Oct. 29, 2019). The First District modified the judgment to dismiss the motion on that basis and then affirmed.

Penland had filed his Petition in this Court September 14, 2018. On his motion, proceedings were stayed pending a decision by the First District Court of Appeals. Once the Supreme Court of Ohio declined appellate jurisdiction, this Court dissolved the stay and set a reply deadline (Decision of November 12, 2019, ECF No. 26). The two and one-half years since has been consumed adjudicating Penland's oft-renewed motions for stay and to amend (See Opinion and Order, ECF No. 105).

Penland pleads the following grounds for relief:

> **Ground One**: The trial court abused its discretion in granting the motion to consolidate indictment.
> *
> **Ground Two**: The court abused its discretion in allowing in testimony of an unrelated robbery that petitioner was not named in as either a victim or defendant.
> *
> **Ground Three:** The court erred to the prejudice of petitioner because the verdict was against the manifest weight of the evidence.
>
> **Ground Four:** The trial court erred to the prejudice of the petitioner as there was insufficient evidence to convict.
> *
> **Ground Five:** The imposition of consecutive sentence on weapon under disability when there was already a gun specification was not supported by the record.
> *
> **Ground Six:** Petitioner Penland's right to a fair trial was compromised by cumulative error.
> *
> **Ground Seven:** Petitioner Penland was deprived of his constitutional due process rights to a fair trial when the prosecutor deliberate act of withholding known evidence from the jury, and other acts constitute prosecutorial misconduct, the cumulative effect of which denied the petitioner of a fair trial.
> *

**Ground Eight:** Petitioner Penland was deprived of his right to effective assistance of counsel guaranteed by the United States Constitution, (A) due to counsel's failure to investigate and present witnesses to support self-defense, (B) failure to impeach prosecution witness with known evidence, (C) engaging in a conflict of interest, (D) failure to object to prosecutorial misconduct, the cumulative effect of which denied petitioner a fair trial.
*
**Ground Nine:** The procedural default doctrine is inapplicable and petitioner has otherwise established good cause and actual prejudice avoiding any procedural default raised in post-conviction collateral proceedings.

(Petition, ECF No. 1, PageID 5-6).

# Analysis

## Ground One: Abuse of Discretion in Consolidating the Two Indictments for Trial

In his First Ground for Relief, Penland asserts Judge Dinkelacker abused his discretion in consolidating the two Indictments for trial. As noted above, Penland was first indicted for the murder and associated weapons charge and then later on the drug trafficking charge for the drugs found in his car on the night of the shooting (State Court Record, ECF No. 8, Exs. 1 and 5). On the State's Motion (*Id.*, Ex. 5), the indictments were consolidated (*Id.*, Ex. 8).

The Warden asserts Ground One does not state a claim upon which habeas corpus relief can be granted because a state court does not violate the federal Constitution when it abuses its discretion (Return, ECF No. 9). Alternatively, the Warden claims this ground for relief is procedurally defaulted because Penland did not take a direct appeal to the Supreme Court of Ohio from the First District's denial of this claim. *Id.*

Penland filed his Traverse in this case December 2, 2019, almost a year after the Return of Writ. It is 145 pages long, in contrast to the seven-page Petition which is itself notably lacking in

factual pleading.  He does not reach the issue of procedural default until page 114 (PageID 1496).

Nowhere in the remainder of his Traverse does he address the claimed procedural default in failing

to take a direct appeal or the non-cognizability defense.

Federal habeas corpus is available only to correct federal constitutional violations.  28

U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780

(1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).  "[I]t is

not the province of a federal habeas court to reexamine state court determinations on state law

questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction

violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62,

67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.);

*Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

The question of whether a trial judge abused his or her discretion in allowing consolidation

of two indictments is a question committed to the sound discretion of the state trial court.  But

abuse of discretion is not a denial of due process or otherwise a violation of federal constitutional

right.  *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995).  Penland, despite filing a 145-page Traverse,

makes no response to this non-cognizability defense.

"Improper joinder does not, in itself, violate the Constitution." *United States v. Lane*, 474

U.S. 438, 446 n. 8 (1986).  To obtain federal habeas relief on a misjoinder claim involving state

law, a petitioner "must show that misjoinder of the counts 'result[ed] in prejudice so great as to

deny a defendant his . . .right to a fair trial." *Davis v. Coyle*, 475 F.3d 761, 777 (6th Cir.

2007)(quoting *Lane*, 474 U.S. at 446 n.8).  In opposing consolidation in this case, Penland asserted

that the prejudice of joinder here was "clear," (Memorandum in Opposition, State Court Record,

ECF No. 8, PageID 61), but does not explain what it is.  The argument that the charges were

unrelated or unconnected might have some heft if the events in suit had taken place at separate places or at separate times, but the heroin which formed the basis of the drug charge was found in the same white Porsche that Penland drove to the Golden Nugget Lounge which was the scene of the murder and from which he retrieved the murder weapon just before shooting the victim, Damon Cure.  Penland argues in his Traverse that he had to take the stand to present his self-defense defense and thus open himself to cross-examination both as to the heroin charge and as to his past felony record.  However, no such claim was ever made in the trial court in opposing consolidation.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982).  "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'"  *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural

> rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175
> L.Ed.2d 417 (2009). This is an important "corollary" to the
> exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124
> S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which
> a state prisoner fails to exhaust state remedies, a habeas petitioner
> who has failed to meet the State's procedural requirements for
> presenting his federal claims has deprived the state courts of an
> opportunity to address" the merits of "those claims in the first
> instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111
> S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default
> doctrine thus advances the same comity, finality, and federalism
> interests advanced by the exhaustion doctrine. See *McCleskey v.
> Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). "[A] federal court may not review federal claims

that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020),

citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)).

Respondent claims this first ground for relief is procedurally defaulted because no timely

direct appeal was taken to the Supreme Court of Ohio. When Penland later attempted to take a

delayed appeal, he represented to the Supreme Court of Ohio that "Appellant was under the

impression that the motion to re-open his intermediate appellate court appeal would toll the time

to file his appeal to the Ohio Supreme Court until such court of appeals render a decision on his

App.R. 26(B) motion. However, appellant was mistaken in his impression."[3] (Motion to File

Delayed Appeal, State Court Record, ECF No. 8, Ex. 27, PageID 249). The Motion was denied.

*Id.* at Ex. 28.

Although the Supreme Court of Ohio did not state its reasons, where a state court is entirely

silent as to its reasons for denying requested relief, as when the Ohio Supreme Court denies leave

to file a delayed appeal by form entry, the federal courts assume that the state court would have

---

[3] But note that the 26(B) Application was filed after the forty-five days in which a direct appeal may be taken, so there would have been no time left to be tolled.

enforced any applicable procedural bar. *Bonilla v. Hurley,* 370 F.3d 497 (6th Cir. 2004)*,* citing *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996). It is a common maxim of the law that ignorance of the law excuses excuses no one. That is presumably why Penland's excuse – mistake of law -- did not carry weight with the Supreme Court.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

Ohio has a relevant procedural rule: a direct appeal in a felony case from the court of appeals must be filed within forty-five days of the appellate court's judgment. Penland did not comply with that rule and his failure was enforced against him. A deadline for filing an appeal is an obviously independent rule and necessary to protect the State's interest in finality. *Bonilla, supra.* The rule was enforced against Penland and he has shown no excusing cause and prejudice. In addition to be non-cognizable, Penland's First Ground for Relief is procedurally defaulted.

**Ground Two: Abuse of Discretion in Admitting Testimony of an Unrelated Robbery**

In his Second Ground for Relief, Penland claims the trial court abused its discretion in allowing testimony about a robbery of Penland's girlfriend's home which occurred several days before the shooting. The State claimed it was relevant to show Penland's motive for shooting Cure and the trial judge accepted that theory as did the Court of Appeals.

Respondent argues this Ground for Relief is not cognizable on the general basis that abuse of discretion is not a constitutional violation and the more specific basis that what is involved is a question of state law – evidentiary relevance -- on which we are bound by the state court interpretation. That interpretation is reasonable; commission of a serious felony against an intimate would provide a motive for responsive violence.

Respondent also asserts this Ground for Relief is procedurally defaulted on the same basis as the First Ground: failure to file a timely direct appeal. For the reasons given above, these defenses should be sustained.

**Ground Three:  Verdict Against the Manifest Weight of the Evidence**

Ground Three should be dismissed because a claim that a verdict is against the manifest weight of the evidence does not state a claim on which habeas corpus relief can be granted, i.e, that the Constitution does not prohibit a conviction on less than the manifest weight of the evidence.  *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986).  Ground Three is also procedurally defaulted on the same basis as Grounds One and Two.

**Ground Four:  Verdict Entered on Insufficient Evidence**

In his Fourth Ground for Relief, Penland claims the verdict was entered on insufficient evidence.

An allegation that a verdict was entered upon insufficient evidence, in contrast to the manifest weight claim, does state a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc).   In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt.  *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . .  This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020) (quoting

*Jackson*). This standard "must be applied with explicit reference to the substantive elements of the

criminal offense as defined by state law." *Id.* (quoting *Jackson*, 443 U.S. at 324). This rule was

recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991). Of course, it is state law

which determines the elements of offenses; but once the state has adopted the elements, it must

then prove each of them beyond a reasonable doubt. *In re Winship, supra.* A sufficiency challenge

should be assessed against the elements of the crime, not against the elements set forth in an

erroneous jury instruction. *Musacchio v. United States*, 577 U.S. 237 (2016).

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after

enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110

Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner
> challenges the constitutional sufficiency of the evidence used to
> convict him, we are thus bound by two layers of deference to groups
> who might view facts differently than we would. First, as in all
> sufficiency-of-the-evidence challenges, we must determine
> whether, viewing the trial testimony and exhibits in the light most
> favorable to the prosecution, any rational trier of fact could have
> found the essential elements of the crime beyond a reasonable doubt.
> See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L.
> Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-
> evaluate the credibility of witnesses, or substitute our judgment for
> that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th
> Cir. 1993). Thus, even though we might have not voted to convict a
> defendant had we participated in jury deliberations, we must uphold
> the jury verdict if any rational trier of fact could have found the
> defendant guilty after resolving all disputes in favor of the
> prosecution. Second, even were we to conclude that a rational trier
> of fact could not have found a petitioner guilty beyond a reasonable
> doubt, on habeas review, we must still defer to the state appellate
> court's sufficiency determination as long as it is not unreasonable.
> See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus

case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to

the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*,

541 F.3d 652 (6th Cir. 2008); *accord Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011)(en banc);

*Parker v. Matthews*, 567 U.S. 37, 43 (2012). Notably, "a court may sustain a conviction based

upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger*, 595 F.3d 647, 656

(6th Cir. 2010).

> We have made clear that *Jackson* claims face a high bar in federal
> habeas proceedings because they are subject to two layers of judicial
> deference. First, on direct appeal, "it is the responsibility of the jury
> -- not the court -- to decide what conclusions should be drawn from
> evidence admitted at trial. A reviewing court may set aside the jury's
> verdict on the ground of insufficient evidence only if no rational trier
> of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.
> S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (per curiam).
> And second, on habeas review, "a federal court may not overturn a
> state court decision rejecting a sufficiency of the evidence challenge
> simply because the federal court disagrees with the state court. The
> federal court instead may do so only if the state court decision was
> 'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U. S.
> ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651, (2012)(per curiam); *Parker v. Matthews*, 567 U.S. 37, 43

(2012) (per curiam).  The federal courts do not make credibility determinations in reviewing

sufficiency of the evidence claims.  *Brooks v. Tennessee*, 626 F.3d 878, 887 (6th Cir. 2010).

Penland presented his manifest weight and sufficiency claims as assignments of error three

and four on direct appeal and the First District decided them together as follows:

> We address Penland's third and fourth assignments of error together.
> In his third and fourth assignments of error Penland argues that his
> convictions were not supported by sufficient evidence and were
> against the manifest weight of the evidence.  We disagree.
>
> Our review of the record convinces us that the evidence adduced at
> trial met the test for sufficiency. See *State v. Thompkins*, 78 Ohio
> St.3d 380, 386, 678 N.E.2d 5-11 (1997). Given the evidence,
> including Penland's own testimony, a rational trier of fact could have

15

> found the essential elements of the crimes proven beyond a reasonable doubt. Additionally, we find nothing in the record that suggests that the jury, in resolving conflicts in the evidence adduced on the charged offenses, lost its way or created such a manifest miscarriage of justice to warrant the reversal of Penland's convictions. See *State v. Martin*, 20 Ohio App. 3d 172, 175,185 N.E.2d 717 ( 1st Dist.1983,). Therefore, we overrule Penland's third and fourth assignments of error.

*State v. Penland,* Case Nos. 150413 and 150414 (1ˢᵗ Dist. May 6, 2016)(unreported; copy attached to Motion for Delayed Appeal, State Court Record, ECF No. 8, PageID 254-55).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

Penland's burden on his Fourth Ground for Relief, then, is to show the decision of the First District is contrary to or an objectively unreasonable application of *Jackson v. Virginia*. Penland admits that he intentionally shot Damon Cure and there is no doubt that he did so intentionally and that Cure died as a result. Instead, Penland relies on his defense of self-defense.

Self-defense is an affirmative defense under Ohio law. Ohio Revised Code § 2901.05(A) places the burden on a defendant to prove self-defense by a preponderance of the evidence. To prevail on his Fourth Ground for Relief, then, Penland must show that no reasonable juror could have failed to believe he acted in self-defense. That is the argument he makes, but it fails in several respects.

16

First of all, the argument is completely dependent on the trial testimony (Traverse, ECF No. 34, PageID 1398-99).  However, Penland makes no citation to the relevant testimony that complies with this Court's rules for making record references.  As Magistrate Judge Litkovitz reminded the parties when she ordered that an answer be filed:

> When the record is filed electronically, the Court 's CM/ECF filing system will affix a unique PageID number to each page of the record, displayed in the upper right-hand comer of the page. All papers filed in the case thereafter by either party shall include record references to the PageID number.

(ECF No. 2, PageID 13).  None of Penland's record references in his self-defense argument has any proper citation.

Secondly, facts recited in the State's brief on appeal, with record references, are facts on which the jury could have relied to undercut the self-defense argument, particularly Penland's comment after the home invasion but before the shooting.  See Brief of Plaintiff-Appellee, State Court Record, ECF No. 8, Ex. 17, PageID 120-22.

None of Penland's cited testimony in support of his self-defense claim was so conclusive that any rational juror would have had to believe it.  Therefore the First District's conclusion about the sufficiency of the evidence is entitled to deference.

In addition, Penland's insufficient evidence claim is procedurally defaulted on the same basis as Grounds One, Two, and Three.   Ground Four should therefore be dismissed with prejudice.


**Ground Five:  Imposition of Consecutive Sentences**


In his Fifth Ground for Relief, Penland asserts the imposition of consecutive sentences in

this case is not supported by the record. This claim is not cognizable in habeas corpus because it essentially raises a claim under Ohio law. Imposition of consecutive sentences for multiple offenses, based on facts found by the court rather than the jury, does not violate constitutional right to jury trial, since the jury historically played no role in determining consecutive or concurrent sentences and state has sovereign authority to administer its penal system. *Oregon v. Ice*, 555 U.S. 160 (2009).

This Ground for Relief is also procedurally defaulted by Penland's failure to appeal its denial by the First District.

**Ground Six: Cumulative Error**

In his Sixth Ground for Relief, Penland asserts that cumulative error in the trial court deprived him of his constitutional right to a fair trial. "Post-AEDPA, that claim is not cognizable." *Sheppard v. Bagley*, 657 F.3d 338, 348 (6th Cir. 2011), *cert. denied,* 132 S.Ct. 2751 (2011), *citing Moore v. Parker,* 425 F.3d 250, 256 (6th Cir. 2005), *cert. denied sub nom. Moore v. Simpson,* 549 U.S. 1027 (2006).

> Moreland argues that the cumulative effect of counsel's errors should be considered in determining whether he has demonstrated a reasonable probability of a more favorable outcome. However, "post-AEDPA, not even constitutional errors that would not individually support habeas relief can be cumulated to support habeas relief." *Hoffner v. Bradshaw*, 622 F.3d 487, 513 (6th Cir. 2010) (quoting *Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005)).

*Moreland v. Bradshaw*, 699 F.3d 908, 931 (6th Cir. 2012), *cert. denied sub nom. Moreland v. Robinson*, 134 S. Ct. 110 (2013). Furthermore, this claim is procedurally defaulted by Penland's failure to take a direct appeal to the Supreme Court of Ohio.

**Ground Seven:  Prosecutorial Misconduct**

In his Seventh Ground for Relief, Penland claims he was denied a fair trial by the prosecutor's withholding known evidence from the jury and other acts of misconduct. Respondent asserts this claim is procedurally defaulted because it could have been adjudicated on the trial record, but was never raised on direct appeal (Return of Writ, ECF No. 9, PageID 1160).

Penland does not respond to this procedural default defense.  Instead, he alleges misconduct by the prosecutor in various comments made during the trial which are reflected in the record.  For example, he accuses the prosecutor of misconduct in his manner of cross-examining Penland and then commenting on Penland's veracity as a result of his answers (Traverse, ECF No. 34, PageID 1404-07).  His Traverse continues in this line for another fifty-two pages, detailing alleged acts of prosecutorial misconduct and citing or quoting places in the trial transcript where these occurred. Nowhere in this lengthy argument does Penland respond to the State's procedural default defense.

Under Ohio law, errors of a constitutional dimension which can be adjudicated on the appellate record must be raised on direct appeal or be barred by *res judicata*.  *State v. Perry,* 10 Ohio St. 2d 175 (1967).  The Ohio courts have consistently enforced the rule.    *State v. Cole*, 2 Ohio St. 3d 112 (1982); *State v. Ishmail*, 67 Ohio St. 2d 16 (1981).    The Sixth Circuirt has repeatedly held that Ohio's doctrine of *res judicata* in criminal cases, enunciated in *Perry*, is an adequate and independent state ground of decision.  *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

Penland had new counsel on appeal who could have raised so much of the prosecutorial misconduct claim rested on the appellate record, but that is not among his appellate assignments of error.

To the extent Penland's claims of prosecutorial misconduct are supportable by evidence in the appellate record, those claims are procedurally defaulted under *Perry*.

**Ground Eight: Ineffective Assistance Of Trial Counsel**

In his Eighth Ground for Relief, Penland claims he was denied the effective assistance of counsel by (a) counsel's failure to investigate and present witnesses to support self-defense; (b) failure to impeach prosecution witness with known evidence; (c) engaging in a conflict of interest; (d) failure to object to prosecutorial misconduct; and (e) the cumulative effect of which denied petitioner a fair trial.

Respondent asserts the claim of cumulative effect is not cognizable in habeas (Return, ECF No. 9, PageID 1161).  Next he asserts that Penland's trial counsel's failure to present witnesses on the defense of self-defense, failure to impeach prosecution witnesses with known evidence, and failure to object to prosecutorial misconduct were all available to be litigated on the direct appeal record but were not raised and are therefore barred by *res judicata* under *Perry*.  *Id.* at PageID 1162.  The Warden concedes that on appeal from denial of post-conviction relief, Penland pleaded ineffective assistance of trial counsel in counsel's 1) by failing to investigate certain witnesses including Kenyon Barnes and Miranda Austin; 2) by laboring under a conflict of interest (by representing Barnes, alleged to be another potential witness in the case; and 3) by failing to impeach a witness (Steven Breuning) with known evidence—911 tapes. (Brief, State Court Record

ECF No. 8, Exhibit 36, PageID 276-79).

As noted above, Penland's Traverse is 145 pages long. The section on ineffective assistance of trial counsel begins at PageID 1459. He argues the merits of his ineffective assistance of trial counsel claims from there until PageID 1495. Only then does he give attention to the State's procedural default defense where he states:

> Additionally, the Sixth Circuit has recognized that ineffective assistance of counsel may be used to satisfy the "cause" prong of the procedural default exception. See, e.g., *Washington* 228 F.3d at 708-09; see also *Ege v. Yunkins*, 485 F.3d 364, 378 (6th Cir. 2007). Attorney error may constitute cause if it rises to the level of constitutionally ineffective assistance of counsel. *Gravely*, 87 F.3d at 785; see also *Bell*, 460 U.S. at 761 (noting that "attorney error can only be considered cause if the errors meet the threshold of ineffective assistance of counsel in violation of the Sixth Amendment"). Because Attorney Bennett's failure to object rise [sic] the level of ineffective assistance of counsel, Petitioner Penland has established "cause" and "prejudice" to overcome any state procedural bar. Counsel's myriad failure to object to the prosecutor's misconduct caused prejudiced [sic]to Mr. Penland's case.

(Traverse, ECF No. 34, PageID 1495-96). To summarize, Penland argues that defense counsel's failure to object to prosecutorial misconduct at trial overcomes "any state procedural bar."

It is true that attorney error that rises to the level of ineffective assistance of counsel can served as excusing cause for a procedural default. *Murray v. Carrier*, 477 U.S. 478, 488 (1985); *Kelly v. Lazaroff*, 846 F.3d 819, 829 (6th Cir. 2017); *Howard v. Bouchard,* 405 F.3d 459, 478 (6th Cir. 2005); *Lucas v. O'Dea,* 179 F.3d 412, 418 (6th Cir. 1999); *Gravley v. Mills,* 87 F.3d 779, 785 (6th Cir. 1996). (quoting *Murray*). However, attorney error cannot constitute cause where the error caused a petitioner to default in a proceeding in which he was not constitutionally entitled to counsel, e.g., a discretionary appeal or state post-conviction proceeding. *Coleman v. Thompson,* 501 U.S. 722 (1991). Here the principal default relied upon by the Warden is Penland's failure to take a direct appeal to the Supreme Court of Ohio. The right to appointed counsel extends to the

21

first appeal of right and no further.  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt,* 417 U.S. 600 (1974).  Ineffective assistance of counsel can excuse procedural default only when it occurs in a proceeding where a defendant is constitutionally entitled to counsel under the Sixth Amendment.  *Wainwright v. Torna*, 455 U.S. 586 (1982)(where there is no constitutional right to counsel there can be no deprivation of effective counsel); *Riggins v. Turner*, 1997 U.S. App. LEXIS 6115, *5 (6th Cir. 1997); *Barkley v. Konteh*, 240 F. Supp. 2d 708, 714 (N.D. Ohio 2002).

Penland had no constitutional right to effective assistance of counsel on direct appeal to the Supreme Court of Ohio and therefore no attorney error can excuse his failure to file the appeal.


## Ground Nine:  Procedural Default Is Inapplicable


In his Ninth Ground for Relief as pleaded in the Petition, Penland claims the procedural default doctrine is inapplicable to his case, particularly because he has shown excusing cause and prejudice.  On its face, this does not state a claim for relief, but a response to an expected defense which Respondent did indeed raise.

Penland begins by claiming ineffective assistance of appellate counsel as excusing cause.  As noted above, ineffective assistance will only excuse a procedural default in a proceeding in which that default occurred.  Penland argues his appellate attorney ignored important and obvious issues which were stronger than the claims actually presented.

Before a habeas petitioner can rely on ineffective assistance of appellate counsel to excuse a default, the claim of ineffective assistance of appellate counsel must be presented to the state courts in the manner required by state law. *Edwards v. Carpenter*, 529 U.S. 446 (2000).  The sole acceptable

method of presenting an ineffective assistance of appellate counsel claim in Ohio is by application for reopening the direct appeal under Ohio R. App. P. 26(B). *State v. Murnahan*, 63 Ohio St. 3d 60 (1992). As Penland was advised by the First District, ineffective assistance of appellate counsel is the only kind of claim which can be raised by a 26(B) application.

Penland filed a 26(B) Application (State Court Record, ECF No. 8, Ex. 19). As best this Court can discern, the assignments of error which Penland alleges were omitted from his direct appeal because of ineffective assistance of appellate counsel are:

> 1. Ineffective assistance of trial counsel for (1) failure to object to inappropriate questions designed to elicit inadmissible evidence, and to misstatements of law and known facts, (2) failure to object to state prosecutor's vouching for witness's, (3) failure to object to inappropriate comments, and (4) failure to investigate and call witness's favorable to appellant.
>
> 2. Ineffective assistance of trial counsel for failure to investigate or call Miranda Austin as a witness, for failure to object to the prosecutor's continuing a line of argument prohibited by the trial judge.
>
> 3. Prosecutorial misconduct in withholding from the jury Miranda Austin's statements to homicide detectives.
>
> 4. Abuse of discretion by the trial court in failing to *sua sponte* stop improper argument by the State.

The Court of Appeals denied the application for reopening, concluding that the first two omitted assignments of error depended on facts not in the trial record which should have been raised in a petition for post-conviction relief under Ohio Revised Code § 2953.21 and his other proposed assignments of error did not show a reasonable probability of a different outcome on appeal (Entry, State Court Record, ECF No. 8, Ex. 25).

Penland does not argue the strength of the individual proposed assignments of error as compared to those actually raised. Instead he states in summary fashion "The first six errors stated

above were original errors from appellate counsel. It's apparent that the latter errors are much stronger than the former six." It is completely opaque to this Court what errors he is talking about in this sentence. Without any argument, it is not "apparent" which claims are supposedly stronger.

The Court of Appeals' decision of whether Penland received ineffective assistance of appellate counsel is entitled to deference unless it is contrary to or an unreasonable application of Supreme Court precedent. 28 U.S.C. § 2254(d)(1). Penland's conclusory argument that the omitted assignments of error are apparently stronger than those actually made is not persuasive. It amounts in fact to an assertion rather than a demonstration. Instead of such a demonstration, Penland presents argument about why his failure to timely appeal to the Supreme Court is excusable.

At the very end of this section of his Traverse, Penland claims he has demonstrated his actual innocence which will excuse any procedural default (Traverse, ECF No. 34, PageID 1508). While new proof of actual innocence will serve to excuse procedural default, Penland has produced no such evidence in this case. In *Souter v. Jones,* 395 F.3d 577 (6th Cir. 2005), the Sixth Circuit held:

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo,* 513 U.S. 298, 316 (1995)." Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error

> with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005).  Penland has not produced proof of the quality required to prove an actual innocence exception.  He has produced no new physical evidence, no exculpatory scientific evidence, and no new trustworthy eyewitness accounts.

**Request for Evidentiary Hearing**

At the very end of his Traverse, Penland requests an evidentiary hearing on claims of ineffective assistance of trial counsel and prosecutorial misconduct which he says is necessary because he did not have the opportunity to develop the record on these claims in the state court (Traverse, ECF No. 34, PageID 1509, relying on *Townsend v. Sain*, 372 U.S. 293, 313 (1963)).

The liberality with which evidentiary hearings were available under *Townsend* has virtually disappeared in the years since it was decided.  See *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977); *Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992); *Cullen v. Pinholster*, 563 U.S. 170 (2011); *Shinn v. Martinez Ramirez,* 596 U.S. ___, 142 S.Ct. 1718 (May 23, 2022).

Penland's request for an evidentiary hearing was made in his Traverse, filed December 2, 2019, well before Judge Cole denied his prior requests on April 28, 2022, and even before the Supreme Court's decision in *Martinez Ramirez*.  Denial of an evidentiary hearing is now the law of the case, bolstered by *Martinez Ramirez*.   Penland is not entitled to an evidentiary hearing.

**Conclusion**

Based on the foregoing analysis, the undersigned respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

June 16, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

26